Hyman Korn, J.
Petitioner moved at a Special Term of this court for an order granting permission to bring an action *273 against Motor Vehicle Accident Indemnification Corporation, hereinafter called MVAIC. This application was brought pursuant to section 618 of the Insurance Law. Special Term granted petitioner’s application for leave to sue MVAIC to the extent of setting the matter down for a hearing on the following issues: (1) Whether petitioner is an “innocent victim” as set forth in subdivision (2) of section 600 of article 17-A of the Insurance Law and (2) whether all reasonable efforts have been made to ascertain the identity of the motor vehicles and of the owners and operators thereof.
At the trial of the issues, the testimony of the petitioner was in substance that on or about May 14,1964 at about midnight, he sustained certain injuries while a passenger in a taxicab which had collided with the rear of another vehicle believed to be a Volkswagen which had made a short stop. The accident was alleged to have taken place at about 138th Street and Brook Avenue, Bronx, N. T.
There was no testimony in the record that petitioner was rendered unconscious by the impact between the two vehicles. He testified further that he remained in the taxicab at a standstill with his friend, Israel Miranda for a period of 15 minutes, while the operators of the two vehicles stood in the roadway, apparently exchanging informational data having to do with identity of the vehicles, etc. It was further alleged that Mr. Miranda was handed a slip of paper upon which the cab driver wrote the hack number assigned to the taxicab and the taxicab operator’s license number. It was further stated that the paper was subsequently lost by Mr. Miranda approximately an hour and a half subsequent to the occurrence.
The testimony of Mr. Miranda, both under direct and cross-examination, discloses neither he nor the petitioner, at any time asked any questions of the cab driver or the driver of the Volkswagen concerning their identities or the identities of the owners of the vehicles and the vehicles themselves. Nor did they obtain the license plate numbers of these vehicles.
Following the exchange of information by the two drivers, the petitioner and his witness, Miranda, testified that the cab driver conveyed them to St. Francis Hospital where the petitioner received emergency treatment.
There was further testimony of both witnesses, that at no time did they talk to a police officer at the hospital. As a matter of fact, Mr. Miranda stated that he had at no time discussed this occurrence with a police officer following the occurrence. It was petitioner’s testimony that he spoke with a police officer at a precinct at about 10:00 a.m. the following morning.
*274 This testimony is in sharp contrast to the testimony given by Patrolman Reffsen, who testified in behalf of the respondent MVAIC among other things, that he arrived at the hospital approximately a half hour after the occurrence and spoke with both Miranda and Ortiz and opined that they were both apparently under the influence of alcohol.
Moreover, the police officer testified that the information given to him was to the effect that the accident was what is commonly known as a “ pedestrian knock-down ’ ’ rather than that involving a collision of two vehicles. The court wishes to point out that in its determination herein, it is not weighing the factual situation herein and will assume that the petitioner’s story as given by the witnesses may be a correct one. The question to decide is whether this is the type of a case that can be considered within the purview of subdivision (2) of section 600 of the Insurance Law.
The MVAIC legislation, which was adopted in our State, was an important initial step towards the resolution of the continuing social problem of providing compensation for innocent victims of formerly irresponsible motorists. It was enacted to alleviate the helpless predicament of innocent auto accident victims, whose common-law remedy proved ineffective against judgment proof — uninsured motorists and motorists who were nonexistent or against the unknown hit and run drivers. Article 17-A of the Insurance Law (Motor Vehicle Accident Indemnification Corporation Law) set up a plan whereby compensation was to be given in those situations where innocent victims had no insurance carrier to provide this compensation. Section 600 (subd. [2], par. [2]) sets forth the declaration of purpose and included therein is (2) “ unidentified motor vehicles which leave the scene of the accident ”. (Emphasis supplied.) Did the testimony in this case show that there were unidentified motor vehicles which left the scene of the accident? On the contrary, the evidence discloses that the taxicab operator identified himself and gave the necessary information to the friend of the injured person. Further, that he did not flee but on the contrary took the alleged injured person to the hospital and remained there for about one-half hour. Therefore, the. actions, as related by the petitioner and his witness, fail to disclose any fleeing on the part of the driver to avoid responsibility for the happening of the accident and the claim of the petitioner does not meet the elementary requirements of paragraph (2) of subdivision (2), The statute must be strongly construed and invoked. Otherwise, what is attempted here, is to lift the responsibilities, if any, from the shoulders of the *275 taxicab company, which under the law assumably is either insured or has filed the required bonds for the protection of the public. With respect to the identity of the other vehicle (Volkswagen) it is evident that no effort was made by either the petitioner or his witness to ascertain any information concerning the same. And in any event it can be reasonably deduced that if the slip obtained from the taxicab operator was given to petitioner or his witness that a subsequent inquiry would most likely have revealed this information.
In view of the court’s holding that this case does not come within the meaning of section 600 of the Insurance Law, and the petitioner is not “ an innocent victim ”, it is not necessary for the court to pass upon the other issue as to whether all reasonable efforts have been made to ascertain the identity of the motor vehicles and the owners and operators thereof. However, if the court were to pass upon the same, in all frankness, such determination, if made, would not redound to the benefit of the petitioner.
The application of the petitioner is denied.