20 N.Y.2d 547 (1967)
In the Matter of the Arbitration between Fritz Riemenschneider, as Guardian of Oscar Riemenschneider, Respondent, and Motor Vehicle Accident Indemnification Corporation, Appellant.
Court of Appeals of the State of New York.
Argued September 26, 1967.
Decided November 29, 1967.
Sidney Gaines and W. Harvey Mayer for appellant.
Manuel Herman and Allen Redlich for respondent.
Chief Judge FULD and Judges KEATING and BREITEL concur with Judge BERGAN; Judge SCILEPPI dissents and votes to reverse and to stay arbitration in a separate opinion in which Judges VAN VOORHIS and BURKE concur.
*549 BERGAN, J.
Petitioner's ward, Oscar Riemenschneider, was riding as a passenger in an insured motor vehicle owned by Randolph Valadares, which, while stopped at a toll station, was struck in the rear by another vehicle.
Valadares' insurance policy contained the standard New York Automobile Accident Indemnification Endorsement which, under prescribed circumstances, provides coverage by the respondent-appellant Motor Vehicle Accident Indemnification Corporation.
Immediately after his car was struck, Valadares got out and inspected his own and the other car. Seeing no damage to either, he inquired of Riemenschneider and another passenger if they were "all right" and received an affirmative answer. Having no reason to inquire further, he did not take the license number of the other car or get the name of the owner or driver and both cars drove away.
Although this is disputed by Riemenschneider, the finding of the Special Term, affirmed by the Appellate Division, is that Riemenschneider told Valadares he was all right. Riemenschneider testified, however, that when he got home he felt pain in the back of his neck and lower back.
The following day he was admitted to a hospital where a diagnosis was made of "Sprain of cervical spine. Whiplash. Low back injury. Soft tissue injury" and he was placed in cervical traction. He was discharged eight days later with the notation in the hospital record: "Prognosis not predictable at this time".
A claim was thereafter filed with the respondent-appellant by Riemenschneider's guardian and a demand made for arbitration. Respondent-appellant moved at Special Term for a stay of arbitration on the ground this accident was not within the policy endorsement or the statutory provision creating a liability for injury by a "hit and run driver". The Special Term denied the motion to stay arbitration; the Appellate Division affirmed by a divided court.
The vehicle which ran into the car in which Riemenschneider was sitting was not, of course, operated by a "hit and run" driver within the colloquial usage of that term. But the statute, which employs this term, does not limit its application only to *550 the situation of "hit and run driver" as that would be understood in colloquial usage.
The statute setting up the procedure to be followed in "`hit and run' causes" (Insurance Law, § 617) describes the driver of such as one "whose identity is unascertainable" or, in the terms of the following section (§ 618), "cannot be ascertained". The "declaration of purpose" of the statute (§ 600) includes protection for injury inflicted by "unidentified motor vehicles which leave the scene of the accident".
The endorsement in Valadares' insurance policy contained similar language defining the term "hit and run driver" as including a situation in which identity "cannot be ascertained". These statutory terms and the similar language of the policy endorsement are literally more inclusive than the term "hit and run driver" in colloquial understanding. The language encompasses situations where the operator is unidentified and has left the scene of the accident because there was then no reason to identify him, as well as an operator who actually prevents identification by leaving the scene.
An injured person who is not aware of his injury until it is too late to take steps to make the necessary identification is in precisely the same situation of deprivation of remedy as he would be if he knew he was hurt but the other driver left the scene without opportunity to identify him. And it seems the purpose of the statute broadly to afford protection in any situation where a vehicle leaves the scene of accident without identity.
If a person sustains an injury and is not aware of it, the effective time when identification becomes important is when the injury manifests itself. If at that time the identity of the owner or operator cannot be ascertained, a reasonable construction of a statute having a beneficial and protective function ought to be to protect the injured person to whom other recourse against the carrier of the vehicle which caused the injury has now become impossible.
Respondent-appellant argues the potential abuse in such a construction of the statute by improperly employing the arbitration facility created by the statute to save time and money. That is not this case in which there is no challenge to the good faith of petitioner-respondent. The record strongly supports the *551 findings that have been made of the sequence of events following this accident.
The requirement of law that all operators report accidents resulting in injury minimizes the possibility of abuse of the facility by falsely stating identity is unknown.
The order should be affirmed, with costs.
SCILEPPI, J. (dissenting).
We cannot agree with the result reached by the majority. In our opinion, a hit and run accident did not occur here. The MVAIC endorsement is applicable only if the identity of the owner or driver of the offending vehicle cannot be identified. The key word in this provision is "cannot" which means that one is not able (either physically or mentally) to do an act (Black's Law Dictionary, 4th ed.). Construing this in light of the normal connotation associated with a hit and run accident, the inability to identify the owner of a hit and run auto must be at a point of time starting with the accident (see Matter of Ortiz v. MVAIC, 55 Misc 2d 272).
In the case at bar, the courts below found that there was no impediment to the respondent's discovery of the other driver's identity. The respondent was seemingly uninjured and he so stated. Moreover, from the time of the accident to the time that the cars went their separate ways his faculties were unimpaired. The driver of the offending car stopped and spoke with the driver of the car in which the respondent was riding. The only reason why the drivers did not exchange identification was their belief that it was unnecessary to do so since there was no damage. While reprehensible flight may not be a sine qua non of a hit and run accident, the inability to ascertain the identity of the driver or owner of the offending vehicle at the time of the accident is (Matter of Ortiz v. MVAIC, supra).
The majority is of the opinion that it is pointless to require the respondent to ascertain the identity of the tort-feasor at the time of the accident since he was unaware of his injuries. While it is true that the identity of the driver of the offending car is not essential in the absence of a contemplated claim for injuries sustained, it does not seem to us that an intolerable burden would be placed upon a potential claimant if he were required to obtain that identity, where possible, regardless of his intentions to file a claim. This is especially so in light of *552 the potential abuses that may arise as a result of the construction which the majority has given to the MVAIC endorsement.
To conclude, it is our opinion that the circumstances of this case do not constitute a hit and run accident within the meaning of the MVAIC endorsement, and the order appealed from should be reversed.
Order affirmed.