Scileppi, J.
(dissenting): We cannot agree with the result reached by the majority. In our opinion, a hit and run accident did not occur here. The MVAIC endorsement is applicable only if the identity of the owner or driver of the offending vehicle cannot be identified. The key word in this provision is “ cannot ” which means that one is not able (either physically or mentally) to do an act (Black’s Law Dictionary, 4th ed.). Construing this in light of the normal connotation associated with a hit and run accident, the inability to identify the owner of a hit and run auto must be at a point of time starting with the accident (see Matter of Ortiz v. MVAIC, 55 Misc 2d 272).
In the case at bar, the courts below found that there was no impediment to the respondent’s discovery of the other driver’s identity. The respondent was seemingly uninjured and he so stated. Moreover, from the time of the accident to thé time that the cars went their separate ways his faculties were unimpaired. The driver of the offending car stopped and spoke with the driver of the car in which the respondent was riding. The only reason why the drivers did not exchange identification was their belief that it was unnecessary to do so since there was no damage. While reprehensible flight may not be a sine qua non of a hit and run accident, the inability to ascertain the identity of the driver or owner of the offending vehicle at the time of the accident is (Matter of Ortiz v. MVAIC, supra).
The majority is of the opinion that it is pointless to require the respondent to ascertain the identity of the tort-feasor at the time of the accident since he was unaware of his injuries. While it is true that the identity of the driver of the offending ■ car is not essential in the absence of a contemplated claim for injuries-sustained, it does not' seem to ns that an intolerable burden would be placed upon a potential claimant if he were required to obtain that identity, where possible, regardless of ■his intentions to- file a claim; This is especially'so in -light 'of *552 tile potential abuse» that may arise as a result ol.‘ the construction which the majority has given to the MVA.1C endorsement.
To conclude, it is our opinion that the circumstances of this case do not constitute a hit and run accident within the meaning of the Afy A TO endorsement, and the order appealed from should be reversed.
Chief Judge Fuld and Judges Keating and Breitel concur with Judge Bergan; Judge Scileppi dissents and votes to reverse and to. stay arbitration in a separate opinion in which Judges Van Vooritis and Burke concur.
Order affirmed.